IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| STEVEN LUIS VELASQUEZ,<br><br>        Plaintiff,<br><br><br><br><br><br><br>                    vs.<br><br><br>SALT LAKE COUNTY, MANDY BAIRD, and JOHN DOES 1-5,<br><br>        Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT COUNTY'S MOTION TO STRIKE AFFIDAVITS, GRANTING DEFENDANT COUNTY'S MOTION TO DISMISS COMPLAINT AGAINST SALT LAKE COUNTY, AND STRIKING HEARING<br><br><br><br>Case No. 2:05-CV-689 TS |

Defendant Salt Lake County has filed a Motion to Dismiss Plaintiff's Complaint against it and has filed a Motion to Strike two affidavits which Plaintiff filed in response to the Motion to Dismiss.

I.  FACTUAL BACKGROUND

In his Complaint, Plaintiff alleges that he was arrested, without a warrant, on June 1, 2005, and that he was detained until June 4, 2005, without being brought before a magistrate or granted any post-arrest determination for the probable cause of his arrest or the reasonableness of

1

his bail.  Plaintiff also alleges that Defendant Baird searched his home without a warrant and without consent on two occasions on June 1, 2005.

Plaintiff's Complaint asserts a cause of action under 42 U.S.C. § 1983.  Plaintiff's Complaint states that the officials of the Salt Lake County Sheriff's Office were grossly negligent in their hiring, assignment, retention, entrustment, training and supervision of Defendant Baird.  Plaintiff also asserts that the actions of the Salt Lake County Sheriff's Office displayed a deliberate indifference to Plaintiff's constitutionally protected rights.  Defendant County argues that these allegations are insufficient and that Plaintiff's Complaint must be dismissed against them.

## II.  MOTION TO STRIKE

The Court will first address Defendant County's Objections to and Motion to Strike the Affidavits of Plaintiff Velasquez and Jennifer Marcus.  Plaintiff filed these two affidavits along with his response to the County's Motion to Dismiss.

"On a Rule 12(b)(6) motion, a court's factual inquiry is limited to the well-pleaded facts in the complaint, which the court must assume are true for purposes of the motion."[1]  The Court may rely on material outside the complaint, but the Court then converts the motion to one for summary judgment.[2]  When a court converts a motion to dismiss into a motion for summary judgment it must give the parties notice so that the factual allegations may be met with countervailing evidence.[3]

---

[1] *Burnham v. Humphry Hospitality Reit Trust, Inc.*, 403 F.3d 709, 713 (10th Cir. 2005).

[2] *Id.*

[3] *Id.*

2

Since this is a motion to dismiss and has not been converted by the Court into a motion for summary judgment, the Court will not rely on materials outside the Complaint and will grant Defendant County's Motion to Strike.  Further, the Court notes that Plaintiff has completely failed to respond to this Motion.  DUCivR 7-1(d) provides that "[f]ailure to respond timely to a motion may result in the court's granting the motion without further notice."  For these reasons, Defendant County's Motion to Strike is granted.

### III.  MOTION TO DISMISS

The Court will turn next to Defendant County's Motion to Dismiss Plaintiff's Complaint as against it.

The standard for considering a Fed. R. Civ. P. 12(b)(6) motion is as follows:

> [A]ll well-pleaded factual allegations in the amended complaint are accepted as true and viewed in the light most favorable to the nonmoving party.  A 12(b)(6) motion should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted.[4]

The parties here agree that this Motion is governed by the Supreme Court case of *Monell v. New York City Dept. Of Social Servs.*,[5] and related cases.  In *Monell*, the Court found that municipalities and other local government units are "persons" to which § 1983 applies.[6]  But the Court held "that a municipality cannot be held liable *solely* because it employs a tortfeasor—or,

---

[4]*Sutton v. Utah State School for the Deaf and Blind,* 173 F.3d 1226, 1236 (10th Cir. 1999) (citations and quotation marks omitted).

[5]436 U.S. 658 (1978).

[6]*Id*. at 690.

3

in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory.[7]

"Instead, in *Monell* and subsequent cases, [the Court has] required a plaintiff seeking to impose liability on a municipality to identify a municipal 'policy' or 'custom' that caused the plaintiff's injury."[8]  It is not enough to identify conduct properly attributable to the municipality.[9] "The plaintiff must also demonstrate that, through its *deliberate* conduct, the municipality was the 'moving force' behind the injury alleged.  That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights."[10]

Looking at Plaintiff's Complaint in the light most favorable to him and taking the allegations in his Complaint as true, as the Court must, the Court can find no allegation that Plaintiff's injuries were caused by a policy or custom of Defendant County.  Plaintiff has failed to allege that Defendant Baird's actions of arresting him and searching his home resulted from a County custom or policy.  As a result, Plaintiff's Complaint fails to state a claim for which relief may be granted as against the County and will be dismissed as against it.  Plaintiff's claim remains against Defendants Baird and John Does 1-5.

---

[7] *Id*. at 691.

[8] *Bd. of County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997).

[9] *Id*. at 404.

[10] *Id*.

IV.  CONCLUSION

It is therefore

ORDERED that Defendant County's Motion to Dismiss Complaint Against Salt Lake County (Docket No. 4) is GRANTED.  It is further

ORDERED that Defendant County's Objection to and Motion to Strike Affidavits of Plaintiff Velasquez and Jennifer Marcus (Docket No. 10) is GRANTED.  It is further

ORDERED that the hearing set for December 14, 2005, is STRICKEN.

DATED   December 12, 2005.

BY THE COURT:

_____
TED STEWART
United States District Judge

5