IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| STEVEN LUIS VELASQUEZ,<br><br>Plaintiff,<br><br><br>vs.<br><br><br>SALT LAKE COUNTY, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT<br><br><br><br>Case No. 2:05-CV-689 TS |

This matter is before the Court on Defendant Mandy Baird's Motion for Partial Summary Judgment.[1]

## I. INTRODUCTION

This action stems from events that took place on June 1, 2005, which lead to Plaintiff's arrest on suspicion of child abuse. Plaintiff subsequently filed this action under 42 U.S.C. § 1983. Plaintiff's claims against Defendant Baird—a Family Crimes Unit detective with the Salt Lake County Sheriff's Office—allege violations of Fourth, Fifth, and Fourteenth Amendment rights against unreasonable search and seizure, and deprivation of liberty without due process.

---

[1]Docket No. 34.

1

Plaintiff specifically alleges that his arrest was without probable cause.  Defendant Baird asserts the defense of qualified immunity.

The undisputed material facts are as follows:

On June 1, 2005, Vice Principal Shelly Pierce of Thomas Jefferson Junior High in Kearns, Utah suspended M.V., a thirteen-year-old student, for fighting.  At the same time, Pierce noticed red marks with swelling and bruising on the left arm of M.V.  M.V. told Pierce that her father, Plaintiff, had made the marks the previous day by hitting her with a belt.  Pierce thought that the marks were consistent with M.V.'s explanation and called the Utah Division of Child and Family Services to report the incident.

Deputy Eugene Vanroosendaal initially responded to Pierce's call and Defendant Baird arrived at the school soon afterwards.  In the mean time, M.V. told Vanroosendaal that the bruises were caused by Plaintiff as a punishment for M.V. skipping school.  Vanroosendaal called Plaintiff and requested that he come to the school to discuss the issue.  Vanroosendaal related this information to Defendant Baird when she arrived, and noted that the injuries were consistent with being hit by a belt.  M.V. then told Defendant Baird that Plaintiff had hit her with a belt for skipping school the previous day.  Defendant Baird thought that the marks were consistent with being hit by a belt two times.  Plaintiff arrived at the school and Defendant Baird questioned him.  Plaintiff denied hitting M.V., but acknowledged becoming upset with her for having previously skipped school.

Defendant Baird then began to question M.V. again.  At this point, M.V. told Defendant Baird that the marks were caused by roughhousing with a friend, S.L.—another student at the school—and that belts had been used.  M.V. told Defendant Baird that she had never told Pierce that her father had hit her.  Defendant Baird then allowed Plaintiff to take M.V. home,

2

presumably, in connection with the suspension.  Pierce suggested to Defendant Baird that she question S.L.

S.L. was questioned.  S.L. denied hitting M.V. with a belt.  S.L. told Defendant Baird that Plaintiff had hit M.V. before, and that M.V. had shown S.L. her bruises and explained to S.L. that Plaintiff had hit M.V. with a belt.  Defendant Baird then made a decision to arrest Plaintiff. Plaintiff was arrested, but no formal charges were brought against him.

Having read the memoranda, the Court now issues the following ruling.

## II.  DISCUSSION

Summary judgment is proper if the moving party can demonstrate that there is no genuine issue of material fact and it is entitled to judgment as a matter of law.[2]  In considering whether genuine issues of material fact exist, the Court determines whether a reasonable jury could return a verdict for the nonmoving party in the face of all the evidence presented.[3]  The Court is required to construe all facts and reasonable inferences in the light most favorable to the nonmoving party.[4]

When the defense of qualified immunity is raised on summary judgment, the "burden shifts to plaintiff to meet a strict two-part test."[5]  Plaintiff must demonstrate: (1) that defendant's

---

[2]Fed. R. Civ. P. 56(c).

[3]*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Clifton v. Craig*, 924 F.2d 182, 183 (10th Cir. 1991).

[4]*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986);  *Wright v. Southwestern Bell Tel. Co.,* 925 F.2d 1288, 1292 (10th Cir. 1991).

[5]*Nelson v. McMullen*, 207 F.3d 1202, 1206 (10th Cir. 2000).

conduct violated a constitutional or statutory right, and (2) that the right was clearly established at the time of the defendant's conduct.[6]

Plaintiff here argues that, under the totality of the circumstances, Defendant Baird did not have probable cause for his arrest, and thus violated Plaintiff's constitutional rights, because M.V.'s injuries were consistent with M.V.'s previous fighting and S.L. was not a reliable witness in that her statements were self serving to avoid punishment for M.V.'s injuries.[7]

Defendant argues that there was probable cause to arrest Plaintiff based on, among other things:  M.V.'s multiple detailed statements that Plaintiff had caused her injuries and S.L.'s statements that corroborated M.V.'s original explanations of the cause of the injuries, and the lack of any indication that S.L's statements were untrustworthy.  Defendant cites the case of *Harris v. Evans*[8] for the proposition that information received by police officers from identified ordinary citizens is presumed reliable.

The Court first finds that Plaintiff has not demonstrated that Defendant Baird's conduct violated a constitutional or statutory right because the undisputed facts show that probable cause existed to arrest Plaintiff.

---

[6]*Reynolds v. Powell*, 370 F.3d 1028, 1030 (10th Cir. 2004).

[7]Plaintiff also attempts to bolster his arguments by using evidence or statements which occurred after Plaintiff's arrest.  This evidence is irrelevant to the probable cause inquiry at hand, and therefore, the Court does not address it.

[8]795 F. Supp. 1060, 1064 (D. Kan. 1992) (citing *Karr v. Smith*, 774 F.2d 1029, 1032 (10th Cir. 1985)).

> A police officer may arrest a person without a warrant if he has probable cause to believe that person committed a crime. . . . Probable cause exists if facts and circumstances within the arresting officer's knowledge and of which he or she has reasonably trustworthy information are sufficient to lead a prudent person to believe that the arrestee has committed or is committing an offense.[9]

The undisputed facts and circumstances before Defendant Baird which established probable cause on June 1, 2005, were the following: (1) M.V. had told a deputy, detective, and vice principal that her injuries were caused by Plaintiff hitting her with a belt for skipping school the previous day; (2) according to each of the aforementioned individuals, Plaintiff's explanation for the cause of the injuries appeared to be consistent with nature of the injuries; (3) when Plaintiff arrived, M.V. changed her story, (4) Plaintiff denied abusing M.V., but corroborated that he was angry with her for skipping school; (5) S.L., M.V.'s friend, subsequently and precisely corroborated M.V.'s original explanation of the cause of the injuries; and (6) Utah Code Ann. §§ 76-5-109(2), -109(c), and -109(d)(ii)(E) provide that it is a felony offense for any person who inflicts upon a child serious physical injury, including two or more bruises or other contusions of the skin or minor lacerations or abrasions.

Under the totality of the circumstances, and despite potential alternative explanations for M.V.'s injuries, the information before Defendant Baird was clearly sufficient to lead a prudent person to believe that Plaintiff had violated the abovementioned statutes.  The information offered by S.L. was correctly presumed reliable by Defendant Baird, and Plaintiff has not met his burden in showing that it "did not constitute reasonably trustworthy information."[10]  Moreover this information justifiably established probable cause when viewed in light of M.V.'s original

---

[9]*Romero v. Fay*, 45 F.3d 1472, 1476 (10th Cir. 1995) (internal quotations and citations omitted).

[10]*Id.* at 1476, n.1.

explanation of the injuries—given at various times, in consistent detail, and to multiple

authorities—and the fact that M.V. quickly changed her story in the presence of the accused.

"[T]he probable cause standard . . . requires officers to reasonably interview witnesses

readily available at the scene, investigate basic evidence, or otherwise inquire if a crime has been

committed at all before invoking the power of warrantless arrest."[11]  The undisputed facts show

that this is exactly what Defendant Baird did.

Next, the Court finds that, even if probable cause were not established, Defendant Baird

would be entitled to immunity because, given the above undisputed facts, a reasonable officer

could have believed that probable cause existed.  Importantly, even where probable cause is not

present, "law enforcement officials who reasonably but mistakenly conclude that probable cause

is present are entitled to qualified immunity."[12]

### III.  CONCLUSION

For the foregoing reasons, it is therefore

ORDERED that Defendant Baird's Motion for Partial Summary Judgment (Docket No.

34) is GRANTED.

DATED   June 26, 2007.

BY THE COURT:

_____

TED STEWART
United States District Judge

---

[11]*Id.* at 1477.

[12]*Id.* (internal quotation and citation omitted).